HEATHER E. WILLIAMS, #122664
Federal Defender
NOA E. OREN, #297100
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA 95814
Telephone: 916-498-5700
Fax: 916-498-5710

Attorneys for Defendant
TREVOR MORGAN

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TREVOR MORGAN,<br><br>Defendant. | Case No. 2:24-cr-00093-DC<br><br>**SENTENCING MEMORANDUM**<br><br>DATE:   January 30, 2026<br>TIME:   9:30 a.m.<br>JUDGE: Hon. Dena Coggins |

Mr. Trevor Morgan, through counsel, respectfully requests that the Court follow the parties' agreement and sentence him to 180 months in prison. Doc. 42. He requests a term of 120 months of supervised release. Mr. Morgan is extremely remorseful about his conduct as the Court can see from his letter. He has worked with the government to structure the plea agreement and briefing schedule in a way that prioritizes restitution and speedy resolution for MV1 to have closure. *See* Doc. 42, p.3 and Doc. 43. At the time of the offense conduct (and before) Mr. Morgan was struggling with addiction and mental health issues. PSR ¶80. He recognizes that he behaved very badly and has a lot of work to do in treating his addiction and mental health issues. *Id*. ¶24. Indeed, he was trying to address these issues at the time of his arrest on this case. *Id*. ¶80. He was in a treatment facility when he was arrested. *Id*. This Court has the unique opportunity to sentence Mr. Morgan both to a lengthy and weighty first term of

incarceration and treatment, which he desperately wants and needs, and which is crucial to protection of the public. He respectfully requests the Court follow the parties' plea agreement and sentence him to 180 months with placement at FCI Englewood.

**SENTENCING MEMORANDUM**

Mr. Morgan has already developed a great deal of insight while in custody as to what has led him to this low point in his life. *See* Doc. 57-1 *Trevor Morgan Statement*. He respectfully requests the Court order Special Conditions 2 and 14 in addition to recommending his participation in RDAP. Mr. Morgan is seeking help dealing with the issues that have led him to this point in his life. The Court's assistance in providing this treatment should give him the tools he needs to lead a law-abiding life thereby providing the public with greater protection. Mr. Morgan sincerely wants to break his cycle of various addictions through treatment, and believes that through treatment and participation in recovery, he can find the positive and supportive community he needs to stay sober and lead a law-abiding life.

**A Sentence of 180 Months is Sufficient, But Not Greater than Necessary to Achieve the Goals of Sentencing**

The federal courts' long-standing concern for individualized sentencing directs the Court to the factors in 18 U.S.C. § 3553(a) to impose a sentence that is appropriate for each individual offender. With respect to deterrence, there is no evidence that increases in sentence length reduce crime through deterrence. *See* National Institute of Justice, Office of Justice Programs, "Five Things About Deterrence" (June 6, 2016), https://nij.gov/five-things/pages/deterrence.aspx (explaining that deterrence is related more to the likelihood of being caught than the length of the sentence imposed).

A sentence of 180 months is sufficient in that it will remove Mr. Morgan from society for a lengthy period. In the carceral setting, he will not have access to online communities and will

be focused on working through his addiction, changing his thinking and building better tools for operating in a healthy way upon reentry. Mr. Morgan will be further incapacitated when he begins his term of supervised release, with stringent conditions including prohibitions on his access to the internet, adult sexual material, online communities, and other sources of negative influence.  He will be placed in a course of treatment both for his mental health and will be regularly evaluated by a counselor specializing in sex offender treatment and rehabilitation, none of which can begin until his release from custody and the start of his term of supervision.

Turning to retribution, which involves calculating moral culpability and the degree of an offender's blameworthiness based on the nature and seriousness of the harm caused and an offender's degree of moral culpability, the parties recognize that Mr. Morgan's conduct is serious and 180 months is a long time to serve in prison for a person who has never served a term of incarceration before this case.  A sentence of 180 months with treatment will provide the greatest protection to the public through Mr. Morgan's engagement with various forms of treatment including drug treatment.  Accordingly, the Court should accept the parties' agreement and sentence Mr. Morgan to 180 months.

**The Goal of Protecting the Public Supports a 180 Month Sentence with Probation Assistance to Provide Mr. Morgan with Mental Health and Necessary Treatment**

The most effective way to protect the public in the long term is to support Mr. Morgan's development of tools and habits that will provide for his successful reentry into society and long-term stability.  Mr. Morgan will need significant support to account for his mental health issues and addictions.  The more of a community Mr. Morgan can fashion in a pro-social, recovery environment while on supervision, the greater the protection of the public will be in the long term.

///////

**The Need to Avoid Unwarranted Sentencing Disparities Supports a 180 Month Sentence**

The Supreme Court has opined that the sentencing judge must "consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Koon v. United States*, 518 U.S. 81, 113 (1996).

Having a dual focus in sentencing in this case on retribution and rehabilitation is appropriate based on Mr. Morgan's untreated mental health and addiction issues. A lengthy term of incarceration with a focus on treatment resources is more likely to promote successful reentry and protection of the public. It is important to recognize that the Court's role in sentencing has long-term effects on the community, and in taking a bird's-eye view of how we both punish and prevent criminal behavior serves the public in more meaningful ways than the guidelines do in their limited functionality. An 180-month sentence in this case would not create a sentencing disparity in that over half of these types of cases receive downward variances because there is a recognition that the guidelines do not adequately address the offense conduct in most cases. See https://www.ussc.gov/research/quick-facts/Child_Pornography_FY22.pdf (June 2023) (last accessed January 20, 2026).

**CONCLUSION**

Mr. Morgan respectfully requests that the Court follow the parties' agreement and fashion a sentence to provide him with the resources he desperately needs to succeed (treatment) and that the public needs for protection. An 180-month sentence is an exceedingly lengthy term and serious punishment for a first conviction and Mr. Morgan respectfully requests the Court to recommend placement at FCI Englewood.

|   |   |
|---|---|
| | Respectfully submitted, |
| | HEATHER E. WILLIAMS |
| | Federal Defender |
| DATED: January 22, 2026 | */s/ Noa Oren* |
| | NOA OREN |
| | Assistant Federal Defender |
| | Attorneys for Defendant |
| | TREVOR MORGAN |