ERIC GRANT
United States Attorney
JESSICA DELANEY
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TREVOR CLAYTON MORGAN,<br><br>Defendant. | CASE NO.  2:24-CR-0093 DC<br><br>USA SENTENCING MEMORANDUM<br><br>DATE: January 30, 2026<br>TIME: 9:30 a.m.<br>COURT: Hon. Dena Coggins |

The United States respectfully submits the following memorandum in support of its sentencing recommendation for defendant Trevor Clayton Morgan.  For the reasons stated below, and in accordance with the plea agreement, the United States recommends the Court sentence Mr. Morgan to a term of imprisonment of 180 months, a term of supervised release of 25 years, a $200 mandatory special assessment, and a $5,000 special assessment under the AVAA (18 U.S.C. § 2259A).  The United States also requests that the Court set a separate date for a restitution hearing, as the United States anticipates receiving additional requests for restitution in the case.

I.      FACTUAL BACKGROUND

In February 2023, Mr. Morgan contacted a minor ("MV1") through the Grindr social media message application.  PSR ¶ 5.  After becoming aware of the minor's age, Mr. Morgan began having a sexual relationship with them.  *Id.*  Mr. Morgan also filmed his sexual conduct with MV1.  ¶ 8.  Mr. Morgan spoke to online users about the fact that he'd had sex with MV1 while they were underage.  He

1   also informed other online users that he possessed videos of MV1 having sex with him. ¶ 9.

2         Mr. Morgan never informed MV1 that he was taking video of the two of them having sex. ¶ 10.

3         Mr. Morgan distributed nude photographs of MV1, offered to send child sexual abuse material

4   ("CSAM") depicting MV1 to other online users, and sold files containing CSAM to other online users.

5   ¶¶ 6, 7, 11 – 15.

6         After Mr. Morgan's relationship with MV1 deteriorated, he began stalking and threatening MV1.

7   ¶ 61. Charges related to stalking and threats remain pending in Solano County. *Id.*

8         Mr. Morgan suffers from various mental health difficulties and has twice attended inpatient dual

9   diagnosis treatment. ¶¶ 79, 80.

10      **II.     THE PLEA AGREEMENT AND U.S.S.G. CALCULATIONS**

11        To his credit, Mr. Morgan promptly entered into a plea agreement and accepted responsibility for

12  his criminal conduct. He signed a plea agreement on July 3, 2025, and entered his guilty plea on July

13  18, 2025. ECF 43, 47. As part of his plea agreement, he agreed to waive indictment and plead guilty to

14  a superseding information. In part, the agreement to plead to new charges was based upon an increased

15  opportunity for victims to receive restitution.

16        Pursuant to the plea agreement, Mr. Morgan pleaded guilty to sexual exploitation of a minor and

17  attempted distribution of child pornography, as laid out in the superseding information. He agreed to the

18  facts contained in the factual basis that was attached to the plea agreement. Mr. Morgan also agreed to

19  pay restitution to all victims of his criminal conduct, including those mentioned in the factual basis and

20  those victims of child pornography offenses of which he was not convicted, but which constitute

21  relevant conduct. Mr. Morgan also agreed to pay various special assessments, to forfeit specified

22  property, and to waive his rights to trial, appeal, and to collaterally attack his conviction or sentence.

23        Both parties stipulated to Sentencing Guidelines.

24        The probation officer's calculation of the Sentencing Guidelines differs substantially from the

25  calculations and stipulations of the parties. Neither party filed any legal or factual objection to the

26  Sentencing Guidelines. In an informal objection, the United States notified the probation officer of its

27  intent to abide by the plea agreement and request a sentence under the Guidelines stipulated to between

28  the parties. Mr. Morgan filed informal and formal objections, in which he noted that it is the

government's burden to produce evidence and prove any facts that result in an aggravating circumstance.

### III.   THE SENTENCING FACTORS

The United States recommends the Court sentence Mr. Morgan to a term of imprisonment of 180 months (the statutory mandatory minimum),[1] a term of supervised release of 25 years, and special assessments in the amount of $5,200.

This sentence would satisfy each of the factors set forth in 18 U.S.C. § 3553(a) and would be "sufficient, but not greater than necessary" to comply with the purposes enumerated in 18 U.S.C. § 3553(a)(2). These factors instruct the Court to consider, among other things: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; and (2) the need for the sentence imposed to reflect the seriousness of the offense, provide just punishment, deter further crimes, and promote respect for the law. *See* 18 U.S.C. § 3553(a)(1)-(2).

Mr. Morgan's conduct was reprehensible. MV1 provided a written victim impact statement previously in which they noted that they were fearful at all times and noted that they been seeking therapy services to cope with the trauma inflicted by Mr. Morgan. PSR ¶ 19. The Court has also received victim impact letters from other victims of Mr. Morgan noting the significant trauma they have suffered as a result of sensitive images and videos of them being circulated throughout the internet.

At the same time, it cannot go without recognition that Mr. Morgan pleaded guilty promptly when offered a plea agreement and that he has demonstrated remorse for his actions. *See* PSR ¶ 24. Importantly, Mr. Morgan agreed to enter into a plea agreement which would benefit MV1 in obtaining restitution and other services following his sentencing. Mr. Morgan has also demonstrated a willingness to obtain mental health and substance abuse treatment, as shown by the inpatient treatment he was undergoing before his arrest for the federal case, and by the letter he submitted for the Court's consideration. ¶ 24. Such an action justifies a sentence at the low end of the Guidelines, as it demonstrates his desire for rehabilitation.

The recommended sentence is a substantial variance from the Sentencing Guidelines as assessed

---

[1] This sentence provides for the mandatory minimum sentence of 15 years for Count 1 to run concurrently with the mandatory minimum sentence for Count 2, which is 5 years.

USA SENTENCING MEMORANDUM                     3

by the probation officer. However, it provides the defendant with the benefit of the plea agreement that he entered into with the government. In all cases, the parties should strive for a prompt and just resolution of a case. For cases such as Mr. Morgan's this resolution is particularly crucial, as prolonged litigation has the potential to do great harm to victims who has already suffered substantial trauma.

In addition to a term of confinement, the United States concurs with the probation officer's recommendation of a substantial term of supervised release. Mr. Morgan has been forthright with both his mental health challenges and his struggles with substance abuse. Following a term of incarceration, he will be a member of society again, and a 25-year term of supervised release will both ensure that he has access to rehabilitative programming which will be critical for readjustment, while ensuring the protection of the community.

The United States also requests that this Court not adjudge a fine pursuant to the JVTA (18 U.S.C. § 3014). The JVTA lapsed at the end of September 2025 based upon the sunset provision included in the statute. It was revived in November 2025, when Congress passed a Continuing Resolution. However, the language in the Continuing Resolution stated that "this section shall take effect on the date of enactment of this Act and shall not apply retroactively." While other language in the statute indicates that the JVTA continues to apply to all offenses since it was first enacted in 2015, the retroactivity language creates some amount of ambiguity in the statute. Based upon the ambiguities created by the enacting language the JVTA as amended in November 2025, the United States does not request imposition of the JVTA here, in order to avoid any possible ex post facto application of the special assessment.

The United States requests the Court set out a restitution hearing in this case. Pursuant to 18 U.S.C. § 3664(d)(5), the Court may set a date for a final determination on restitution not to exceed 90 days after sentencing. The United States received an additional request for restitution as recently as one day before preparing this memorandum and anticipates that another victim may submit a request for restitution. As the victim losses are not fully ascertainable at this time, the United States requests the restitution hearing be set out for approximately 60 days after the date of sentencing.

### IV. CONCLUSION

For the foregoing reasons, and in accordance with the plea agreement in this case, the United

States recommends the Court sentence Mr. Morgan to a term of imprisonment of 180 months, a term of supervised release of 25 years, a $200 mandatory special assessment, a $5,000 special assessment under the AVAA (18 U.S.C. § 2259A), and joins the defense in requesting that the Court set a separate date for a restitution hearing, as the United States anticipates receiving additional or supplemental requests for restitution.

Dated:  January 22, 2026

ERIC GRANT
United States Attorney

By:  /s/ JESSICA DELANEY
JESSICA DELANEY
Assistant United States Attorney